# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

RAISHAWN A. SPARKS, )
)
    Plaintiff, )
)
v. ) Case No. CV410-132
)
THE CHATHAM COUNTY SHERIFF )
DEPT. AL ST. LAWRENCE, )
)
    Defendants. )

## **REPORT AND RECOMMENDATION**

Plaintiff, currently detained in the Chatham County Detention Center, has filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He is not challenging the legality of his confinement, however, but rather seeks relief for claims relating to conditions of his confinement. (*Id.*) Specifically, plaintiff alleges that the jail is overcrowded and that he is held in close proximity to other detainees who have been infected with tuberculosis but have not been treated for the disease. (*Id.*) He seeks release or some other relief as a remedy for this "cruel and unusual punishment." (*Id.*)

Claims challenging conditions of confinement are generally brought pursuant to 42 U.S.C. § 1983, not through habeas corpus. *Cook v. Baker*,

139 F. App'x 167, 168 (11th Cir. 2005) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)). Plaintiff, however, seeks release from confinement as a remedy. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Since plaintiff characterizes his claim as a claim for habeas corpus and his remedy demands that his claim be treated as such, the question, then, is whether he states a viable habeas corpus claim.

He does not. As explained by the Eleventh Circuit, release is *never* warranted for conditions of confinement claims:

> [E]ven if a prisoner proves an allegation of mistreatment in prison that amounts to cruel and unusual punishment, he is not entitled to release. *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir.), *cert. denied*, 442 U.S. 932, 99 S.Ct. 2866, 61 L.Ed.2d 301 (1979). The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment. *Cook*, 596 F.2d at 660. Although problems of prisons are complex and not readily susceptible to resolution by decree, *Sheley v. Dugger*, 824 F.2d 1551, 1559 (11th Cir.1987), relief of an Eighth Amendment violation does not include release from confinement.

*Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990). It follows that "[h]abeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." *Fellove v. Wells*, 2010 WL 451100 at *2 (S.D. Ga. Feb. 8, 2010) (quoting *Cook v. Hanberry*, 592 F.2d 248, 248 (5th Cir. 1979)). Hence, plaintiff's conditions of confinement claim is a non-starter under habeas corpus, so his petition should be **DISMISSED**.

Sparks may, however, pursue his claim for "some [other] relief" in an action pursuant to 42 U.S.C. § 1983, which provides redress against "[e]very person" who, acting under the color of state law, deprives another person of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. The Clerk is therefore **DIRECTED** to forward a copy of the Court's § 1983 form complaint and in forma pauperis application to plaintiff with the service copy of this Report and Recommendation.

**SO REPORTED AND RECOMMENDED** this 10th day of June, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

3